UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-60170-CIV-COHN/SELTZER

PLANTATION OPEN MRI, LLC
(a/a/o CLEVELAND RAHMING, et al.),

          Plaintiff,

vs.

INFINITY AUTO INSURANCE COMPANY,

          Defendant.
_____/

## **ORDER**

**THIS CAUSE** has come before the Court upon Defendant's Motion for Clarification Regarding DE 19 [DE 21]. This Motion addresses the upcoming deposition of Defendant's corporate representative and seeks to limit the areas of inquiry and seeks clarification about the length of the deposition.

The deposition is limited to matters necessary to support Plaintiff's anticipated motion to remand. Defendant argues that two of the areas of inquiry set forth in Plaintiff's Notice of Deposition (numbers 6 and 7) go to the merits of the case and should not be permitted. The Court disagrees. Defendant bases its removal on the value of 316 claims and presents various formulas to establish that the amount in controversy meets the jurisdictional threshold of this Court [DE 1-2]. The Court has determined that the areas of inquiry contained in Plaintiff's Amended Notice of Deposition [DE 18-1] fall within the scope of matters necessary to raise a challenge to the jurisdictional threshold. That there may

be some overlap with the merits of the case is unavoidable; the areas of inquiry at issue fall within the scope of matters necessary to support a motion to remand.

Defendant has expressed a desire to call the undersigned Magistrate Judge during the deposition for immediate rulings on disputed issues. The Court will not entertain that relief. Any disputed issues shall be presented to the Court by motion at the conclusion of the deposition.

The Court reminds counsel for both parties that "it is a fundamental tenet of this Court that attorneys in this District be governed at all times by a spirit of cooperation, professionalism, and civility." Introductory Statement, Local Rules for the United States District Court for the Southern District of Florida. Counsel are reminded of the Court's power to sanction attorneys and/or parties under Rules 30(d)(2)[1] and 37(d)(3), Federal Rules of Civil Procedure, 28 U.S.C. § 1927[2], and the Court's inherent powers. The Court anticipates that all counsel and parties will engage in a good faith deposition on all matters necessary to support a motion to remand.

In accordance with the foregoing, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion for Clarification Regarding DE 19 [DE 21] is **GRANTED IN PART AND DENIED IN PART.** The deposition will be limited to matters necessary to support a motion for remand, as set forth in the areas of

---

[1] Rule 30(d)(2) permits the Court to impose appropriate sanctions, including reasonable costs and attorney's fees, "on a person who impedes, delays, or frustrates the fair examination of the deponent."

[2] Section 1927 permits the court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously" "to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

inquiry in Plaintiff's Amended Notice of Deposition. The deposition will not exceed a total of 4 hours. The Deponent shall be granted a minimum of 2 breaks not to exceed 10 minutes each; these breaks will not count toward the 4-hour limit. In the event a corporate representative is subsequently scheduled to testify on the merits of the case, the subsequent deposition will be limited to matters not covered in this deposition.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 12th day of February 2019.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF